UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO JIMENEZ-AYALA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. SALAZAR, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1150 DB P<br><br><br>ORDER |

Plaintiff is a federal prisoner proceeding pro se in a civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971), alleging violations of his Eighth Amendment and Fourteenth Amendment rights. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.　　Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

**IV.     Plaintiff's Allegations**

At all times relevant to this action, plaintiff was a federal inmate housed at the Federal Correctional Institution in Herlong, California (FCI-Herlong). Plaintiff names as defendants FCI-Herlong Warden J. Salazar, Dr. Allred, P.A. Tabor, the Federal Bureau of Prisons, and "delegated staff of health services at FCI Herlong." Plaintiff brings claims for violations of his Eighth Amendment and Fourteenth Amendment rights.

Plaintiff's allegations can be fairly summarized as follows:

On October 27, 2016, plaintiff injured his left knee while working in the FCI-Herlong general maintenance shop. Although plaintiff informed his supervisor right away, he was not seen at Health Services until October 31, 2016, when he was examined by non-party Dr. Roxanne Miller. After examination, Dr. Miller recommended that plaintiff take two days off of work, use a cool compress, elevate, and take a pain reliever. Defendant PA Tabor was requested to cosign this Health Request Clinical Encounter form.

After this appointment, plaintiff's knee pain and swelling continued, so he submitted multiple requests for medical assistance. He was finally provided an x-ray that revealed a severe knee fracture requiring surgery.

Based on the attachments to the complaint, plaintiff spoke with the warden about his pain and lack of medical care on December 6, 2016. This defendant said he would send plaintiff to the doctor, but this did not occur.

On April 28, 2017, the Bureau of Prisons' Health Services team declined to provide plaintiff with the appropriate medical care. As a result of this refusal to provide adequate care, plaintiff continues to suffer pain and injury.

Plaintiff seeks damages and injunctive relief.

**V.     Analysis**

   **A.     Linkage**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions

of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Monell, 436 U.S. at 691. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants cannot be held liable for being generally deficient in their supervisory duties.

Plaintiff's complaint seeks to impose liability on a number of defendants, but includes charging allegations only as to Warden Salazar and P.A. Tabor. There are no allegations linking any of the other individual or institutional defendants to a violation of his rights. On this ground, defendants Dr. Allred, the Federal Bureau of Prisons, and "delegated staff of health services at FCI Herlong" must be dismissed.

**B.    Medical Indifference**

The Eighth Amendment demands, among other things, that prison officials not act in a manner "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment claim based on inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A medical need is "serious" "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (quoting Estelle, 429 U.S. at 104); see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

////

While plaintiff here has adequately alleged a serious medical need in the form of an injured knee, he fails to include sufficient facts demonstrating deliberate indifference on the part of any of the defendants. He names, for example, PA Tabor, but the only fact asserted as to this defendant is that he was requested to cosign the October 31, 2016, Health Request Clinical Encounter form prepared by non-party Dr. Miller. There is no deliberate indifference on these facts.

Similarly, the attachments to plaintiff's complaint reveal that plaintiff spoke to Warden Salazar on December 6, 2016, about his injury, that Warden Salazar indicated he would have plaintiff seen by a doctor, and that plaintiff was not seen by a doctor. Even assuming these allegations to be true, they do not indicate deliberate indifference since they reveal that Warden Salazar took plaintiff's complaints seriously. Although plaintiff was not seen by a doctor, there is nothing to attribute this fact to Warden Salazar.

Plaintiff's Eighth Amendment medical indifference claim thus fails in its entirety.

**C.     Equal Protection**

The Equal Protection Clause requires persons who are similarly situated to be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing prison officials intentionally discriminated against a plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001), or similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).

Here, plaintiff has presented no facts from which the court could infer intentional discrimination. He has not alleged membership in a protected class, and there are no facts to show that plaintiff was intentionally treated differently than similarly situated persons. Plaintiff has thus also failed to state an Equal Protection claim upon which relief may be granted.

**VI. Conclusion**

Plaintiff's complaint does not state a cognizable claim for relief. The court will grant plaintiff an opportunity to file an amended complaint to cure noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). The undersigned then will issue findings and recommendations to dismiss the complaint with leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R.
////

Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Warden of the Federal Correctional Instution, Herlong filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend;

4. The Clerk's Office shall send plaintiff a blank civil rights complaint form and a copy of his complaint, filed June 1, 2017;

5. Within thirty (30) days from the date of this order, plaintiff must file either (a) a first amended complaint curing the deficiencies identified by the court in this order, (b) a notice of voluntary dismissal, or (c) a notice of election to stand on the complaint; and

6. If plaintiff fails to comply with this order, the court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim, subject to the "three strikes" provision set forth in in 28 U.S.C. § 1915(g).

Dated: January 9, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/jimi1150.scrn

7